Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
Mark T. Freeman, Esq. (S.B. #293721)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com
Email: mtf@colevannote.com

*Attorneys for Representative Plaintiff*
*And the Plaintiff Classes*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL J. MILLER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>AMERICAN CITY BUSINESS JOURNALS, INC., d/b/a SAN FRANCISCO BUSINESS TIMES,<br><br>Defendant. | **Case No.**<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF CALIFORNIA RESTRICTIONS ON UNSOLICITED COMMERCIAL E-MAIL, CAL. BUS. & PROF. CODE § 17529.5;**<br>**2. NEGLIGENCE;**<br>**3. UNJUST ENRICHMENT;**<br>**4. VIOLATIONS OF CALIROFNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200; AND**<br>**5. VIOLATIONS OF MASSACHUSETTS RIGHT TO PRIVACY, MASS. GEN. LAWS ANN. CH. 214, § 1(B).**<br><br>**[JURY TRIAL DEMANDED]** |

## INTRODUCTION

1. In 2003, the California Legislature expressed concern that unsolicited commercial email advertisements, or spam, made up a significant portion of email traffic in the United States. They cited industry predictions that spam could reach half of all email traffic by the end of that year. (California Business and Professions Code ("Bus. & Prof. Code") § 17529(a)).

2. Recognizing the harm caused by spam emails, the California Legislature in 2003 acknowledged its economic impact on the United States. Citing a report by Ferris Research, they

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

estimated that spam would cost U.S. organizations over $10 billion annually in lost productivity and resources needed to combat it. Given California's 12% share of the U.S. population and its focus on technology businesses, the legislature projected spam costs for California organizations to exceed $1.2 billion. (Bus. & Prof. Code § 17529(d)).

3. While the California Legislature recognized the economic burden of spam in 2003, the true cost has skyrocketed. A 2012 study published in the Journal of Economic Perspectives estimated that spam emails were costing American businesses and consumers approximately $20 billion annually. (Rao, Justin M., and David H. Reiley. 2012. "The Economics of Spam." Journal of Economic Perspectives, 26 (3): 87-110).

4. As of November of 2018, spam e-mail messages accounted for 54.3 percent of the total e-mail traffic worldwide. *Symantec Corporation,* Monthly Threat Report (December 2018).

5. The problem of unsolicited emails has not stopped. Truecaller's "The True Cost of Spam and Scam Calls in America" report discussed the financial impact of spam calls and scams in the U.S. which estimated that over 25 billion dollars were lost due to scams in 2023.

6. Spam is a major problem that goes beyond just economic burden. Many spam messages are deceptive and misleading, preying on vulnerable individuals. These scams can lead to identity theft, financial losses, and emotional distress. They are also often used to spread malware, phishing scams, and other cyber threats. These can compromise personal information and systems, leading to significant damage.

## SUMMARY OF THE COMPLAINT

7. Representative Plaintiff Samuel J. Miller ("Plaintiff") brings this Complaint against Defendant American City Business Journals, Inc., d/b/a San Francisco Business Times ("Defendant") for advertising in *at least* fifty (50) unsolicited commercial emails[1] (*i.e.*, "spam emails") sent to Representative Plaintiff's email address beginning on or about July 2024 in violation of Bus. & Prof. Code § 17529.5 ("Section 17529.5"). Defendant or its agents continued

---

[1] "Unsolicited commercial e-mail advertisement" means that the recipient has not provided direct consent to receive advertisements from the advertiser and does not have a preexisting or current business relationship, as defined by subdivision (*l*), with the advertiser promoting the lease, sale, rental, gift, offer or other disposition of any property, goods, services, or extension of credit. *See* Bus. & Prof. Code § 17529.1(o)(1)-(2).

to send these spam emails from approximately August 2024-February 2025 even *after* Plaintiff attempted to unsubscribe from the spam emails and notified Defendant as such.

8. On information and belief, all of the offending spam e-mails were sent from a California e-mail address.[2] The emails contain text that state: "Email sent by San Francisco Business Times 275 Battery St., Suite 250, San Francisco, CA 94111 US."

9. Representative Plaintiff never gave "direct consent"[3] as required by Bus. & Prof. Code § 17529.1(d) to receive commercial e-mail advertisements from or had a "preexisting or current business relationship"[4] pursuant to Bus. & Prof. Code § 17529.1(*l*) with Defendant.

10. Defendant is strictly liable for advertising in spam messages sent by itself or its third-party marketing agents, as are the marketing agents themselves.

11. Spam recipients are not required to allege or prove reliance or actual damages to have standing. *See* Bus. & Prof. Code § 17529.5(b)(1)(A)(iii). Nevertheless, Representative Plaintiff did suffer damages by receiving the spam messages. *See, e.g.,* Bus. & Prof. Code § 17529(d), (e), (g), (h).

12. This Court should award Representative Plaintiff liquidated statutory damages against Defendant in the amount of $1,000 per unlawful spam e-mail, as authorized by Bus. & Prof. Code § 17529.5(b)(1)(B)(ii).

13. This Court should award Representative Plaintiff attorneys' fees pursuant to Bus. & Prof. Code § 17529.5(b)(1)(C).

[2] "California electronic mail address" or "California e-mail address" means any of the following: (1) an e-mail address furnished by an electronic mail service provider that sends bills for furnishing and maintaining that e-mail address in this state; (2) an e-mail address ordinarily accessed from a computer located in this state; or (3) an e-mail address furnished to a resident of this state. *See* Bus. & Prof. Code § 17529.1(b).

[3] "Direct consent" means that the recipient has expressly consented to receive e-mail advertisements *from the advertiser*, either in response to a clear and conspicuous request for the consent or at the recipient's own initiative. Bus. & Prof. Code § 17529.1(d) (emphasis added).

[4] "Preexisting or current business relationship," as used in connection with the sending of a commercial e-mail advertisement, means that the recipient has made an inquiry and has provided his or her e-mail address, or has made an application, purchase, or transaction, with or without consideration, regarding products or services offered by the advertiser. Bus. & Prof. Code § 17529.1(*l*).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**PARTIES**

**Plaintiff Samuel J. Miller**

14. Representative Plaintiff at all relevant times was a resident of the State of Massachusetts.

15. Representative Plaintiff is a "recipient"[5] as defined by Bus. & Prof. Code § 17529.1(m) of "unsolicited commercial e-mail advertisements" as defined by Bus. & Prof. Code § 17529.1(o).

16. Representative Plaintiff received unlawful unsolicited commercial emails (defined above as "spam") linking to Defendant's California businesses including the *San Francisco Business Times*. Representative Plaintiff did not give direct consent to Defendant to send Plaintiff any commercial email advertising.

**Defendant American City Business Journals, Inc.**

17. Defendant American City Business Journals, Inc., is a corporation, with its principal place of business at 120 West Morehead Street, Charlotte, NC 28202. Defendant owns and operates the *San Francisco Business Times*, located at 275 Battery Street, # 250, San Francisco, CA and other California-based publications such as *Bay Area Inno.* Defendant transacts or has transacted business in California and throughout the United States and has created an ongoing relationship in California related to the distribution of the spam emails.

18. Defendant is an "advertiser" as defined by Bus. & Prof. Code § 17529.1(a) in each of the e-mails received by Plaintiff.

**JURISDICTION AND VENUE**

19. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the

[5] "Recipient" means the addressee of an unsolicited commercial e-mail advertisement. If an addressee of an unsolicited commercial e-mail advertisement has one or more e-mail addresses to which an unsolicited commercial e-mail advertisement is sent, the addressee shall be deemed to be a separate recipient for each e-mail address to which the e-mail advertisement is sent. *See* Bus. & Prof. Code § 17529.1(m).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

proposed classes and at least one other Class Member is a citizen of a state different from Defendant.

20. Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. § 1367.

21. Defendant routinely conducts business in the State where this District is located, has sufficient minimum contacts in this State and has intentionally availed itself of this jurisdiction by marketing and selling products and services, and by accepting and processing payments for those products and services within this State.

22. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events that gave rise to Representative Plaintiff's claims took place within this District, and Defendant does business in this Judicial District.

## CLASS ACTION ALLEGATIONS

23. Representative Plaintiff brings this action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of Representative Plaintiff and the following Classes:

> **Nationwide Class:**
> "All individuals within the United States of America who received unsolicited emails from Defendant from August 14, 2024-present."
>
> **California Subclass:**
> "All individuals within the State of California who received unsolicited emails from Defendant from August 14, 2024-present."
>
> **Massachusetts Subclass**:
> "All individuals within the State of Massachusetts who received unsolicited emails from Defendant from August 14, 2024-present."

24. Excluded from the Classes are the following individuals and/or entities: Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors and any entity in which Defendant has a controlling interest, all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out, any and all federal, state or local governments, including, but not limited to, its departments, agencies, divisions, bureaus, boards,

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

sections, groups, counsel and/or subdivisions, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

25. In the alternative, Representative Plaintiff may request additional subclasses as necessary based, e.g., on the types of Private Information that were compromised.

26. Representative Plaintiff reserves the right to amend the above definition or to propose subclasses in subsequent pleadings and its motion for class certification.

27. This action has been brought and may properly be maintained as a class action under Federal Rules of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and membership in the proposed Classes is easily ascertainable.

a. Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible. Membership in the Classes will be determined by analysis of Defendant's records.

b. Commonality: Representative Plaintiff and Class Members share a community of interest in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1) Whether Defendant had a legal duty to Representative Plaintiff and the Class Members to exercise due care when collecting their email addresses and sending unsolicited emails;

2) Whether Defendant failed to comply with its own policies and applicable laws, regulations and industry standards relating to the collection of Plaintiff's and Class Members' email addresses;

3) Whether Defendant's conduct, including its failure to act, resulted in or was the proximate cause of Representative Plaintiff's and Class Members' damages;

4) Whether Defendant adequately addressed the sending of unsolicited spam emails;

5) Whether Representative Plaintiff and Class Members are entitled to actual and/or statutory damages and/or whether injunctive, corrective and/or declaratory relief and/or an accounting is/are appropriate as a result of Defendant's wrongful conduct; and

6) Whether Representative Plaintiff and Class Members are entitled to restitution as a result of Defendant's wrongful conduct.

c. Typicality: Representative Plaintiff's claims are typical of the claims of the Plaintiff Classes. Representative Plaintiff and all members of the Plaintiff

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

Classes sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

d. Adequacy of Representation: Representative Plaintiff in this class action is an adequate representative of each of the Plaintiff Classes in that the Representative Plaintiff has the same interest in the litigation of this case as the Class Members, is committed to vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature. Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to other Class Members or the Classes in their entireties. Representative Plaintiff anticipates no management difficulties in this litigation.

e. Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual member of the Plaintiff Classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of the Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

28. Class certification is proper because the questions raised by this Complaint are of common or general interest affecting numerous persons, such that it is impracticable to bring all Class Members before the Court.

29. This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to Class Members, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Classes in their entireties. Defendant's policies and practices challenged herein apply to and affect Class Members uniformly and Representative Plaintiff's challenge of these policies and practices hinges on Defendant's conduct with respect to the Classes in their entireties, not on facts or law applicable only to Representative Plaintiff.

30. Unless a Class-wide injunction is issued, Defendant may continue in its failure to properly secure the Private Information of Class Members, and Defendant may continue to act unlawfully as set forth in this Complaint.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

31. Further, Defendant has acted or refused to act on grounds generally applicable to the Classes and, accordingly, final injunctive or corresponding declaratory relief with regard to the Class Members as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

## COMMON FACTUAL ALLEGATIONS

32. Representative Plaintiff and Class Members received unsolicited spam messages advertising Defendant's publications though their e-mail addresses.

33. The e-mails at issue are "commercial e-mail advertisements"[6] because they advertise Defendant's California-based publications, including the *San Francisco Business Times* and *Bay Area Inno* and were initiated for the purpose of advertising and promoting Defendant's products or services.

34. The e-mails are "unsolicited commercial e-mail advertisements" because Representative Plaintiff and Class Members never gave "direct consent" to Defendant, or any of its affiliates to send commercial e-mails.

35. Representative Plaintiff and Class Members have never had a "preexisting or current business relationship" with Defendant, or its affiliates.

36. Representative Plaintiff and Class Members did not opt-in to receive e-mails from Defendant's marketing agents. Even if Representative Plaintiff and Class Members had opted in to receive e-mails from Defendant's marketing agents—which Representative Plaintiff and Class Members deny—that would not constitute direct consent to Defendant, the advertiser in the spam messages. See *Balsam v. Trancos*, 203 Cal. App. 4th at 1083, 1099-1100 (2012).

37. Representative Plaintiff and Class Members did not consent or acquiesce to receive the spam messages at issue. Representative Plaintiff and Class Members did not waive any claims related to the spam messages at issue.

---

[6] "Commercial e-mail advertisement" means any electronic mail message initiated for the purpose of advertising or promoting the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit. Bus. & Prof. Code § 17529.1(c).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

38. Representative Plaintiff is informed and believes and thereon allege that Defendant contracted with third-party advertising networks and affiliates to advertise its websites for the purpose of selling products and services for a profit.

39. Defendant knowingly, intentionally, and voluntarily chose to outsource their advertising to third-party spam networks and spammers. Defendant, as an advertiser, generates sales or leads for its actual and purported business contracts with affiliate marketing networks and publishers, who, among other things drive consumers to websites designated by the advertiser where consumers can submit a request to be contacted by the applicable advertiser, purchase products or services offered for sale by the applicable advertiser, or otherwise engage with the applicable advertiser.

40. Advertisers are liable for advertising in spam e-mails, even if third parties sent the e-mails:

> "There is a need to regulate the advertisers who use spam, as well as the actual spammers because the actual spammers can be difficult to track down due to some return addresses that show up on the display as 'unknown' and many others being obvious fakes and they are often located offshore. The true beneficiaries of spam are the advertisers who benefit from the marketing derived from the advertisements." (Bus. & Prof. Code § 17529(j)(k).) "It is unlawful[ ] to advertise in a commercial e-mail advertisement [ ] under any of the following circumstances…"

Bus. & Prof. Code § 17529.5 (emphasis added). Thus, Defendant's agents are also liable for sending the unlawful spam messages.

41. Section 17529.5(a) "makes an entity strictly liable for advertising in a commercial e-mail … regardless of whether the entity knew that such e-mails had been sent or had any intent to deceive the recipient." *Hypertouch Inc. v. ValueClick Inc.* (2011) 192 Cal. App. 4th 805, 820-21 (emphasis added).

42. In fact, in *Hypertouch*, the Court of Appeal held that advertisers are strictly liable for advertising in false and deceptive spam messages, even if third parties sent the spam messages.

> *[S]ection 17529.5* makes it unlawful for a person or entity "to advertise in a commercial e-mail advertisement" that contains any of the deceptive statements described in *subdivisions (a)(1)-(3)*. Thus, by its plain terms, the statute is not limited to entities that actually send or initiate a

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

> deceptive commercial e-mail, but applies more broadly to any entity that advertises in those e-mails.
>
> Thus, like other California statutes prohibiting false or misleading business practices, the statute makes an entity *strictly liable* for advertising in a commercial e-mail that violates the substantive provisions described in section 17529.5, subdivision (a) *regardless of whether the entity knew that such e-mails had been sent* or had any intent to deceive the recipient.

*Id.* at 820-21. The Court did not find that this was an arbitrary requirement; rather, the court identified sound policy reasons behind the Legislature's decision to create a strict liability statute. *Id.* at 829.

43. Representative Plaintiff and Class Members are informed and believe and thereon allege that Defendant and its marketing agents intended to profit, actually profited, and continue to profit, and were unjustly enriched by, their wrongful conduct as described herein.

44. The California Legislature set liquidated damages as $1,000 per spam. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii).

45. Representative Plaintiff and Class Members are informed and believe and thereon alleges that the $1,000 per spam figure is comparable with damages in other areas of consumer protection law, e.g., $500-$1,500 statutory damages per junk fax, pursuant to Business & Professions Code § 17538.43(b).

46. Representative Plaintiff and Class Members' rightful and lawful demand for liquidated damages in the amount of $1,000 per e-mail is necessary to further the California Legislature's objective of protecting individuals from unlawful spam.

47. Section 17529.5 does not require Representative Plaintiff and Class Members to quantify their actual damages, allege or prove reliance on the advertisements contained in the spam messages, or purchase the goods and services advertised in the spam messages. Recipients of unlawful spam have standing to sue and recover liquidated damages. Bus. & Prof. Code § 17529.5(b)(1)(A)(iii); *Hypertouch*, 192 Cal. App.4th at 820, 822-23, 828.

48. However, Representative Plaintiff and Class Members did suffer damages by receiving the unlawful spam advertising Defendant's products and services in the state of

California, at their e-mail addresses. Bus. & Prof. Code § 17529(d), (e), (g), (h). Such damages include lost time, lost wages, anxiety and emotional distress and other related damages.

49. Representative Plaintiff and Class Members are informed and believe and thereon allege that Defendant has not established and implemented, with due care, practices and procedures reasonably designed to effectively prevent unsolicited commercial e-mail advertisements that are in violation of Section 17529.5.

**FIRST CLAIM FOR RELIEF**
**Violations of California Restrictions on Unsolicited Commercial E-mail, California Business & Professions Code § 17529.5**
**(On Behalf of the Nationwide Class)**

50. Each and every allegation of the preceding paragraphs is incorporated in this Claim for Relief with the same force and effect as though fully set forth herein.

51. Representative Plaintiff and Class Members received the spam e-mails within one (1) year prior to filing this Complaint.

52. Defendant advertised in, sent, assisted others in sending, conspired to send, contracted with others to send, and/or otherwise caused to be sent unsolicited commercial e-mail advertisements to Plaintiff and Class Members' electronic mail addresses.

53. The California Legislature set liquidated damages at one thousand dollars ($1,000) per e- mail.

54. Representative Plaintiff and Class Members seek reimbursement of reasonable attorneys' fees and costs as authorized by Section 17529.5(b)(1)(C).

55. The attorneys' fees provision for a prevailing spam recipient is typical of consumer protection statutes and supported by Code of Civil Procedure § 1021.5. By prosecuting this action, Plaintiff and Class Members expect to enforce an important right affecting the public interest and thereby confer a significant benefit on the general public or a large class of persons. The necessity and financial burden of private enforcement is such as to make the award appropriate, and the attorneys' fees should not, in the interest of justice, be paid out of the recovery of damages.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**SECOND CLAIM FOR RELIEF**
**NEGLIGENCE**
**(On Behalf of the Nationwide Class)**

56. Each and every allegation of the preceding paragraphs is incorporated in this Claim for Relief with the same force and effect as though fully set forth herein.

57. At all times herein relevant, Defendant owed Representative Plaintiff and Class Members a duty of care, *inter alia*, to act with reasonable care and Defendant breached that duty by sending unsolicited spam emails to Representative Plaintiff and Class Members. This breach of duty was the actual and proximate cause of Representative Plaintiff and Class Members' damages.

58. Further, at all times herein relevant, Defendant owed Representative Plaintiff and Class Members a duty of care. That duty is established by California Business & Professions Code § 17529.5.

59. Defendant breached that duty and thus violated California Business & Professions Code § 17529.5, by sending an exorbitant amount of unsolicited commercial advertisement emails to Representative Plaintiff and Class Members. This breach of duty was the actual and proximate cause of Representative Plaintiff and Class Members' damages.

60. Defendants' violation of California Business & Professions Code § 17529.5 constitutes negligence *per se.*

61. Additionally, 15 U.S.C. § 45 (FTC Act, Section 5) prohibits "unfair […] practices in or affecting commerce," including, as interpreted, and enforced by the FTC, the unfair act or practice by businesses, such as Defendant, of mass distributing unsolicited commercial advertisement e-mails.

62. Defendant violated 15 U.S.C. § 45 and thus breached their duty of care owed to Representative Plaintiff and Class Members, by sending an exorbitant amount of unsolicited commercial advertisement emails to Representative Plaintiff and Class Members. This breach of duty was the actual and proximate cause of Representative Plaintiff and Class Members' damages.

63. Defendants' violation of 15 U.S.C. § 45 constitutes negligence *per se.*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**THIRD CLAIM FOR RELIEF**
**Unjust Enrichment**
**(On behalf of the Nationwide Class)**

64. Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth therein.

65. By their wrongful acts and omissions described herein, Defendant has obtained a benefit by unduly taking advantage of Representative Plaintiff and Class Members.

66. Defendant knew or should have known that it was receiving a large benefit as a company by being able to advertise to an enormous number of people, without having to endure the expense of paying for fair and lawful advertisements to that many people.

67. Defendant was unjustly enriched at the expense of Representative Plaintiff and Class Members. Defendants received profits and benefits from mass advertising, in part, at the expense of Representative Plaintiff and Class Members. By contrast, Representative Plaintiff and Class Members suffered through receiving numerous e-mails on a daily basis and spent large quantities of time and money attempting to prevent the Defendant from sending them e-mails. Moreover, because of their wrongful acts and omissions, Defendant has been able to grow its company, expand its reach and produce higher revenue.

68. Since Defendant's profits, benefits and other compensation were obtained by improper means, Defendant is not legally or equitably entitled to retain any of the benefits, compensation or profits they realized from these transactions.

69. Therefore, in the alternative to the claims stated above, Representative Plaintiff and Class Members seek an Order of this Court requiring Defendant to refund, disgorge and pay as restitution any profits, benefits and other compensation obtained by Defendant from their wrongful conduct and/or the establishment of a constructive trust from which Representative Plaintiff and Class Members may seek restitution.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**FOURTH CLAIM FOR RELIEF**
**CALIFORNIA UNFAIR COMPETITION LAW**
**Cal. Bus. & Prof. Code §§ 17200, et seq.**
**(On Behalf of the California Subclass)**

70. Each and every allegation of the preceding paragraphs is incorporated in this Count with the same force and effect as though fully set forth therein.

71. The Representative Plaintiff, individually and on behalf of the California Subclass, bring this claim.

72. Defendant is a "person" as defined by Cal. Bus. & Prof. Code §17201.

73. Defendant violated Cal. Bus. & Prof. Code § 17200, et seq. ("UCL") by engaging in unlawful, unfair and deceptive business acts and practices.

74. "unlawful" business practices by violating California law, including Cal. Bus. & Prof. Code § 17529.2 (prohibiting an entity from advertising in an unsolicited commercial e-mail).

75. Defendant's unlawful, unfair and deceptive acts and practices include:

a. Defendant sent unsolicited commercial e-mail advertisements for the benefit of the Defendant's company to the Representative Plaintiff and the Plaintiff Class, and

b. Defendant failed to establish and implement practices and procedures reasonably designed to effectively prevent unsolicited commercial e-mail advertisements.

76. As a direct and proximate result of Defendant's unfair, unlawful and fraudulent acts and practices, Representative Plaintiff and California Subclass Members were injured and suffered ascertainable losses of money or property, including monetary damages from time and expenses related to attempting to prevent Defendant from sending them unsolicited commercial advertisement e-mails.

77. Defendant acted intentionally, knowingly and maliciously to violate California's Unfair Competition Law and recklessly disregarded Representative Plaintiff's and California Subclass Members' rights.

78. Representative Plaintiff and California Subclass Members seek all monetary and nonmonetary relief allowed by law, including restitution of all profits stemming from Defendant's unfair, unlawful and fraudulent business practices, declaratory relief, reasonable attorneys' fees

and costs under California Code of Civil Procedure § 1021.5, injunctive relief and other appropriate equitable relief.

**FIFTH CLAIM FOR RELIEF**
**MASSACHUSETTS RIGHT TO PRIVACY**
**Mass. Gen. Laws Ann. Ch. 214, §§ 1(B), *et seq.***
**(On Behalf of the Massachusetts Subclass)**

79. Each and every allegation of the preceding paragraphs is incorporated in this Count with the same force and effect as though fully set forth therein.

80. The Representative Plaintiff, individually (hereinafter "Plaintiff(s)" for purposes of this Count only) and on behalf of the Massachusetts Subclass, bring this claim.

81. Representative Plaintiff at all times relevant to this claim was a resident of the Commonwealth of Massachusetts.

82. Defendant advertised, offered or sold goods or services in Massachusetts and engaged in trade or commerce directly or indirectly affecting the people of Massachusetts, as defined by Mass. Gen. Laws Ann. Ch. 93A, § 1(b).

83. Defendant caused the unreasonable, substantial and/or serious interference with the Representative Plaintiff's and Massachusetts Subclass Member's rights by constantly and consistently distributing unsolicited commercial advertisement e-mails to them. Defendant even continued this intrusion of privacy regardless of whether the Representative Plaintiff and/or Massachusetts Subclass Members requested Defendant to refrain from contacting them.

84. Defendant's unconscionable conduct equated to numerous, severe intrusions upon the privacy of Representative Plaintiff and Massachusetts Subclass Members in such a way as would be considered highly offensive to a reasonable person.

85. Representative Plaintiff and Massachusetts Subclass Members seek all monetary and nonmonetary relief allowed by law, including actual damages, injunctive or other equitable relief and attorneys' fees and costs to remedy the unreasonable, substantial and serious invasions of their privacy.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**RELIEF SOUGHT**

**WHEREFORE,** Representative Plaintiff, on Representative Plaintiff's own behalf and on behalf of each member of the proposed Classes, respectfully requests that the Court enter judgment in favor of Representative Plaintiff and the Classes and for the following specific relief against Defendant as follows:

1. That the Court declare, adjudge and decree that this action is a proper class action and certify each of the proposed Classes and/or any other appropriate Subclasses under Federal Rules of Civil Procedure Rule 23 (b)(1), (b)(2), and/or (b)(3), including appointment of Representative Plaintiff's counsel as Class Counsel;

2. For an award of damages, including actual, nominal and consequential damages, as allowed by law in an amount to be determined;

3. For an Order from this Court declaring that Defendant violated Bus. & Prof. Code§ 17529.5, by advertising in and sending unlawful spam e-mails;

4. Liquidated damages against Defendant in the amount of $1,000 per each of the unlawful spam messages, as authorized by Bus. & Prof. Code § 17529.5(b)(1)(B)(ii);

5. That the Court enjoin Defendant, ordering it to cease and desist from unlawful activities;

6. For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein;

7. For injunctive relief requested by Representative Plaintiff, including, but not limited to, injunctive and other equitable relief as is necessary to protect the interests of Representative Plaintiff and Class Members, including, but not limited to, an Order:

a. prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

b. requiring Defendant to delete and purge Representative Plaintiff's and Class Members' email addresses unless Defendant can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Representative Plaintiff and Class Members;

c. requiring Defendant to establish an information security training program that includes at least annual information security training for all employees, with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling of email addresses;

8. For prejudgment interest on all amounts awarded, at the prevailing legal rate;

9. For an award of attorneys' fees, costs and litigation expenses, as allowed by law; and

10. For all other Orders, findings and determinations identified and sought in this Complaint.

**JURY DEMAND**

Representative Plaintiff, individually and on behalf of the Plaintiff Classes, hereby demands a trial by jury for all issues triable by jury.

Dated: August 21, 2025 By: /s/ Mark T. Freeman

Scott Edward Cole, Esq. (CA S.B. #160744)
Laura Van Note, Esq. (CA S.B. #310160)
Mark T. Freeman, Esq. (CA S.B. #293721)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com
Email: mtf@colevannote.com

*Attorneys for Representative Plaintiff and the Plaintiff Classes*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800